**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Southern Division)

|  |  |  |
|---|---|---|
| | * | |
| **DAMARIS LEANOR RETES** | * | |
| 3924 Penderview Drive, Apt. 236 | * | |
| Fairfax, Virginia 22033 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **CASE NO.: 1:16-cv-02784** |
| | * | |
| **PRINCE GEORGE'S COUNTY,** | * | |
| **MARYLAND** | * | |
| 14741 Governor Oden Bowie Drive | * | |
| Upper Marlboro, Maryland 20772 | * | |
| | * | |
| **and** | * | |
| | * | |
| **DET. TIMOTHY MALLICOTE (#3491)** | * | |
| 14741 Governor Oden Bowie Drive | * | |
| Upper Marlboro, Maryland 20772 | * | |
| | * | |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Damaris Leanor Retes (hereinafter referred to as "the Plaintiff" or "Ms. Retes"), by and through her undersigned counsel, and sues the Defendants, Prince George's County, Maryland (hereinafter "Prince George's County") and Detective Timothy Mallicote (#3491) (hereinafter "Mallicote" or "Defendant Mallicote") individually and in his official capacity as an officer of the Prince George's County Police Department, and as a cause of action respectfully states as follows:

1

## THE PARTIES

1. At all times relevant hereto, Ms. Retes was a citizen of the United States residing in Fairfax, Virginia, and was over the age of 18.

2. At all times relevant hereto, Defendant Prince George's County, Maryland, was and is a body corporate and politic organized and existing under the laws of and in the State of Maryland. Defendant Prince George's County, Maryland is a government entity situated in Upper Marlboro, Prince George's County, Maryland. At all times relevant hereto, the Prince George's County Police Department was and is an operating department of the executive branch of the Prince George's County, Maryland government, such that any liability of the Department ultimately inures to Prince George's County, Maryland, as a matter of law. *See* Prince George's County Charter, Article XII, §12. Prince George's County Police Department is the public employer of Defendant Mallicote. Defendant Prince George's County, Maryland is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

3. At all times relevant hereto, Defendant Timothy Mallicote was and currently is, a duly appointed police officer and employee of Prince George's County Police Department, qualified and acting under color of state and federal law, and as the employee, agent, and representative of the Prince George's County Police Department. All incidents described herein occurred while Defendant Mallicote was acting within his capacity as a police officer. Upon information and belief, Defendant Mallicote was and is a resident and citizen of the State of Maryland. Defendant Mallicote is a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff sues Defendant Mallicote in both his official and individual capacities.

## JURISDICTION & VENUE

4. This claim for damages exceeds $75,000.00.

5.      This civil action is brought for the redress of constitutional rights as protected by 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the Maryland Constitution and Declaration of Rights, and Maryland common and statutory law.  This Honorable Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. §§ 1331, 1332, and 1343.  This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6.      Under 28 U.S.C. §§ 1391 (b)(1) and (2), venue is proper in the United States District Court for the District of Maryland, Southern Division, because Prince George's County: (1) lies within a judicial district where at least one defendant resides; and (2) lies within the judicial district in which all of the events giving rise to this action occurred.

7.      All conditions precedent to bring this action have occurred and/or been performed, including but not limited to, the procedural requirements found in § 5-301, *et. seq.*, of the Courts and Judicial Proceedings Articles, Annotated Code of Maryland.

### FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

8.      Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

9.      This case involves the sexual assault and other improper acts committed by Defendant Mallicote on or about August 5, 2015.

10.     On or about August 5, 2015, Defendant Mallicote presented to a hotel room being occupied by Ms. Retes at Extended Stay America, 9401 Largo Drive W. #301, Upper Marlboro, Maryland 20774, entered the room, closed the door, and observed that Plaintiff was alone.

11.     Upon determining that Plaintiff was alone in her hotel room, Defendant Mallicote ordered Ms. Retes to take off her clothes until she was completely naked.   The Plaintiff advised Defendant Mallicote that she was not comfortable doing so.

12.     Defendant Mallicote again ordered Ms. Retes to dance in front of him and take off all of her clothes.  Ms. Retes, at a height of 5 feet and 2 inches tall, quickly noticed she was significantly smaller than Defendant Mallicote and, intimidated by his size, complied with Mallicote's orders despite her fear and pressure.  Ms. Retes proceeded as ordered and Defendant Mallicote pulled Ms. Retes close to him, such that she brushed against Mallicote's erect penis while she was dancing.  During this dance, Detective Mallicote willingly and intentionally fondled Ms. Retes' exposed breasts multiple times and he ran his hands along her torso while Ms. Retes complied with his orders.

13.     After Ms. Retes refused to continue dancing upon Defendant Mallicote, he then demanded Ms. Retes bend over on the bed and continue dancing as he unbuckled and unzipped his pants.  In doing so, Defendant Mallicote exposed to Ms. Retes his pubic hair, the outline of his penis, and a visible erection through his underwear.  Ms. Retes was looking back at Defendant Mallicote as he began to expose himself and he approached her from behind.  Upon observing Defendant Mallicote's actions, Ms. Retes saw this and told him to stop and she got off of the bed.

14.     Upon being told to stop, Mallicote smirked at Ms. Retes, pulled his pants back up and opened the door to the hotel room.  Six additional Prince George's County Police officers barged in, exposing the still-naked Ms. Retes to all of the officers.  The other officers and detectives laughed at her and made jokes about her as she stood naked.

4

15.    During Defendant Mallicote's sexual advances, including before and during Ms. Retes' provocative dance, he made no attempt to identify himself as an employee of Prince George's County Police Department acting on official duty.

16.    Ms. Retes did not consent to Defendant Mallicote's contact.

17.    Defendant Mallicote arrested Plaintiff without a warrant, while acting in his capacity as an officer of the Prince George's County Police Department.  Following the arrest, Ms. Retes was transported to a detention center.  Defendant Mallicote, who had sexually assaulted Ms. Retes, drove her to the detention center.  During the car ride, Defendant Mallicote proceeded to make continued sexual and flirtatious comments to Ms. Retes, including, but not limited to, repeatedly telling her how attractive he thought she was.

18.    If the statements in Defendant Mallicote's statement of probable cause were true and accurate as certified (which is not conceded), then there was no reason Defendant Mallicote should not have proceeded with an arrest immediately after he found Ms. Retes and before ordering her to take off her clothes and to dance on him.  Defendant Mallicote's act of touching and fondling Ms. Retes was improper, unnecessary, and unrelated to her arrest.  During the interaction between Ms. Retes and Defendant Mallicote, an eyewitness was in the bathroom observing through the crack in the door the interaction between Defendant Mallicote and Ms. Retes.  When the officers searched the hotel room after displaying their badges, they discovered the eyewitness.

19.    In the course of arresting Ms. Retes, Defendant Mallicote wrote a statement of probable cause in support of the statement of charges wherein he asserted that there existed probable cause to detain and arrest the Plaintiff.  A copy of Defendant Mallicote's Statement of Probable Cause is attached hereto.  Defendant Mallicote, therefore, caused Ms. Retes to be

charged with three counts of violating § 11-306 of the Criminal Law Article, Annotated Code of Maryland.

20.     However, Defendant Mallicote deliberately or with reckless disregard made material false statements and omissions from the Statement of Probable Cause.  First, Defendant Mallicote failed to indicate that he ordered Ms. Retes to undress on two separate occasions, each against her will.  Second, the Defendant Mallicote failed to indicate that he ordered that Ms. Retes provocatively dance for him, that he repeatedly touched her breasts and torso during the dancing, and that he pressed his erect penis against Ms. Retes during her dancing.  Lastly, the Defendant Mallicote failed to indicate that he ordered the Ms. Retes to get on all fours, unbuckled his pants, exposed his pubic and genital area, and advanced toward her in a sexual fashion until Ms. Retes noticed and told him to stop.  With the omitted facts added to Defendant Mallicote's Statement of Probable Cause, a reasonable magistrate would not have found sufficient grounds to sustain Defendant Mallicote's warrantless arrest of Ms. Retes.

21.     The false and misleading character of the Statement of Probable Cause was egregious and reveals an intention to deceive the magistrate and unlawfully detain Ms. Retes.  A reasonable police officer, acting under the same or similar circumstances, would have known that, based upon the facts of which Defendant Mallicote was aware but consciously omitted, there was no probable cause to detain and arrest Ms. Retes.

22.     Due to the false and misleading Statement of Probable Cause, the Plaintiff was improperly charged with three counts of violating § 11-306 of the Criminal Law Article, Annotated Code of Maryland.  On or about November 24, 2015, Ms. Retes' charges were indefinitely postponed and placed upon the "stet" docket.

23.     Beginning the moment Defendant Mallicote ordered Ms. Retes to remove her clothes and continuing through the present day, Ms. Retes has experienced, and continues to experience, physical suffering, embarrassment, humiliation, and severe emotional distress.  Ms. Retes has had a history of anxiety and depression for several years.  Since August 5, 2015, as a result of Defendant Mallicote's sexual assault, Ms. Retes has suffered from humiliation and embarrassment associated with exposing of her naked body to others.  Since this incident, Ms. Retes' anxiety and depression have increased exponentially, causing her great emotional distress, regular bouts of depression, fear of being followed when leaving her home, a fear that she is being followed by law enforcement, and a general distrust for law enforcement.

24.     As a proximate result of Defendant Mallicote's improper actions, Ms. Retes has been injured emotionally, causing her to seek psychological counseling.  Despite her efforts to seek assistance, without health insurance, Ms. Retes has been unable to obtain regular, consistent medical treatment.  Additionally, as a proximate result of Defendant Mallicote's actions, financial support for the medical costs associated with treatment is necessary and will be reasonably necessary in the foreseeable future.  As a direct and proximate result of Detective Mallicote's actions, Ms. Retes has been damaged in a sum in excess of $75,000.00.

25.     Defendant Mallicote's conduct as alleged herein was premeditated and malicious.  As evidence of such, Defendant Mallicote and his fellow officers, among other actions, made no effort to record, preserve, or otherwise secure evidence relating to the activities occurring inside Ms. Rete's hotel room.  Indeed, Defendant Mallicote and the other officers took affirmative measures to ensure that no evidence of Defendant Mallicote's improper actions was preserved.

26.     At the time of the acts alleged herein, Ms. Retes' local, state, and constitutional rights, namely to be free from unreasonable search and seizure and to not be subject to excessive

7

force, were clearly established.  The actions taken by Detective Mallicote and his fellow officers, as alleged above, were official acts of law enforcement and were not objectively reasonable given the circumstances.

27.     The acts of Defendant Mallicote constituted excessive and inappropriate force which caused Ms. Retes special and general damages and emotional distress.  Further, the acts of Defendant Mallicote, individually and in his official capacity, deprived Ms. Retes of rights secured by her by the Fourth, and Fourteenth Amendments to the Constitution of the United States insofar as the Defendants deprived Ms. Retes of her right to be free in her person from unreasonable seizures, her right to be free from infliction of cruel and unusual punishment, and her right not to be deprived of life, liberty, and property without due process of law.  The actions by Defendant Mallicote, in conjunction with the customs and policies of the Prince George's County Police Department and Defendant Prince George's County, Maryland, violated Ms. Retes' clearly established and well settled federal and state constitutional rights.

28.     The aforesaid acts and omissions of Defendant Mallicote and his fellow officers were done knowingly and intentionally, and for the purpose of depriving Ms. Retes of her known constitutional rights, and in a reckless and callous disregard for the same.  By reason thereto, Plaintiff claims exemplary and punitive damages against Defendant Mallicote in an amount to be determined at trial.

29.     As the governing body overseeing and controlling the Prince George's County Police Department, Defendant Prince George's County, Maryland is responsible for overseeing the training and supervision of the members of the Prince George's County Police Department, specifically Defendant Mallicote and his fellow officers.  By failing to take the necessary steps to ensure that members of the Prince George's County Police Department respected and complied

with all local, state, and federal laws, Defendant Prince George's County, Maryland has failed to properly supervise and oversee Defendant Mallicote and his fellow officers. Had Defendant Mallicote been properly trained and supervised, he would have followed the proper investigation, detention, and arrest protocol, and he would not have violated Ms. Retes' local, state, and federal rights. Further, had Defendant Prince George's County, Maryland exercised reasonable supervision and oversight, it would have discovered Defendant Mallicote's gross violations of local, state, and federal rights, as well as his clear intent to harm individuals such as Ms. Retes, and acted preemptively to thwart the premeditated, vicious sexual assault of Ms. Retes and her rights.

30.     Defendant Prince George's County, Maryland, by failing to notice the obviously unfit character of Defendant Mallicote for the position that he held, has ratified, approved and/or adopted Defendant Mallicote's conduct as its own customs and policies. Therefore, Prince George's County, Maryland is liable for Defendant Mallicote's conduct.

31.     As a direct and proximate result of acts of Detective Mallicote and his fellow officers, as well as the failures and omissions of Defendant Prince George's County, Maryland, Plaintiff suffered the following injuries and damages:

    a.     Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure of their person and to the guarantee of due process of law.

    b.     Violation of her constitutional rights under Articles 24 and 26 of the Maryland Declaration of Rights to be free from unreasonable seizure of her person and deprivation of liberty.

c.      Mental anguish, emotional pain and suffering, humiliation, anxiety, worry, injury to health, loss of time, and damage to reputation.

d.      Economic loss in the form of property damage, lost wages, travel expenses, etc.

## CAUSES OF ACTION

### COUNT I: Excessive Use of Force
### (Defendant Detective Timothy Mallicote)

32.      Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

33.      At all relevant times hereto, Plaintiff had a cognizable interest under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of unreasonable and excessive force by a police officer without due process of law.  Plaintiff's rights were clearly established at the time of the events alleged herein, and a reasonable police officer would have knowledge of same.

34.      As alleged above, Defendant Mallicote's improper touching of Plaintiff's nude body was excessive, unreasonable, and an unnecessary use of force by a police officer acting under the color of state law.  Therefore, Defendant Mallicote violated Plaintiff's Fourth and Fourteenth Amendment rights.  A reasonable police officer, in the same or similar circumstances, would not have touched or made contact with Plaintiff's nude body in the manner alleged above.

35.      As alleged above, Defendant Mallicote's actions have caused Plaintiff physical and mental pain and suffering, mental anguish, humiliation, and other forms of damage.

36.      Defendant Mallicote's assault was motivated by his malice toward Plaintiff, ill-will, and his desire to receive sexual gratification from Plaintiff.

10

37. At all times relevant hereto, Defendant Mallicote was acting pursuant to his authority granted to him by Defendant Prince George's County, Maryland as a police officer of the Prince George's County Police Department, and was acting under the color of state law.

38. As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

**COUNT II: Unconstitutional Practice or Custom**
**(Defendant Prince George's County, Maryland)**

39. Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

40. Prior to August 5, 2015, the Defendant Prince George's County, Maryland's policies, procedures and training of police officers exhibited deliberate indifference to the constitutional rights of citizens of Prince George's County.

41. Such indifference included a failure to develop adequate general orders and regulations to govern the training, supervision and discipline of officers with respect to a citizen's constitutional rights.

42. In addition, the Defendant Prince George's County, Maryland's policies, procedures and customs exhibited indifference to the violation of constitutional rights by inadequate investigation of citizen complaints or allegations of police misconduct, including, but not limited to, the use of excessive force or improper touching of individual's charged with prostitution.

43. The policies and customs of inadequate training, supervision, and discipline of police officers led Defendant Mallicote to believe that his actions would not be monitored by supervisory officers and that misconduct would not be investigated or sanctioned in any way.

11

44.     The above policies and customs demonstrated a deliberate indifference on the part of policymakers of the County to the constitutional rights of persons within the County, and were the cause of the violation of the Plaintiff's rights in this instance.

45.     As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

**COUNT III: Sexual Assault**
**(Defendant Detective Timothy Mallicote)**

46.     Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

47.     As alleged above, Defendant Mallicote explicitly ordered Plaintiff to fully undress and dance provocatively in front of him without justification or authority.  Plaintiff did not voluntarily consent to Defendant Mallicote's orders, but only complied with Defendant Mallicote's orders because she was under duress.

48.     Defendant Mallicote acted in a willful, intentional, malicious, wanton and/ or reckless manner when he proceeded to engage in unpermitted touching of Plaintiff in a sexual manner that was harmful and offensive to her.

49.     Defendant Mallicote demanded Plaintiff bend over on the bed before unzipping his pants, exposing his pubic hair and visible erection through his underwear.  Plaintiff did not voluntarily consent to Defendant Mallicote's demand, but only did so out of duress.

50.     As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

## COUNT IV: Assault
### (Defendant Detective Timothy Mallicote)

51.     Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

52.     As alleged above, Defendant Mallicote touched Plaintiff in a harmful and offensive manner.  Defendant Mallicote acted intentionally and/or recklessly when unzipped his pants and approached Plaintiff from behind, after exposing his visible erection and public hair in reckless disregard of a serious risk of offensive contact.  This behavior served as an apparent ability to carry out a sexual threat and created in the mind of Plaintiff an apprehension of imminent bodily harm.

53.     Defendant Mallicote possessed a present ability to inflict on Plaintiff imminent bodily harm.

54.     As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

## COUNT V: Battery
### (Defendant Detective Timothy Mallicote)

55.     Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

56.     Prior to arresting Plaintiff, Defendant Mallicote committed intentional and unpermitted touching of Plaintiff's breasts and naked torso on multiple occasions, all against Plaintiff's will, and offending her reasonable sense of dignity.  There was no legal justification for Defendant Mallicote to touch Plaintiff in a sexual manner before proceeding with Plaintiff's arrest.

57.    Defendant Mallicote intentionally engaged in offensive physical conduct with Plaintiff without Plaintiff's permission or consent.

58.    Defendant Mallicote acted with actual malice and ill will towards Plaintiff.

59.    As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

### COUNT VI: Intentional Infliction of Emotional Distress
### (Defendant Detective Timothy Mallicote)

60.    Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

61.    Defendant Mallicote engaged in the sexual advances alleged while acting in the scope of his employment.  Defendant Mallicote's wrongful actions were intentional, reckless, extreme, outrageous, and intolerable in a civilized society, thereby causing Plaintiff to suffer severe emotional distress.  By way of example and without limitation, the Plaintiff submits that the unwelcomed touching, humiliation, and exposure of her naked body to  Defendant Mallicote and his fellow officers, and produced public fear and condemnation.

62.     As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

### COUNT VII: Gross Negligence
### (Defendant Detective Timothy Mallicote)

63.    Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

64.    Defendant Mallicote owed Plaintiff a legal duty of care as a police officer of the Prince George's County Police Department.  This duty included, but was not limited to, a duty to

14

protect Plaintiff from injury and harm, to monitor himself, and to report or refrain from engaging in suspected misconduct.

65.     Defendant Mallicote, acting within the scope of his employment, breached his duty of case and was grossly negligent in his conduct during the course of his treatment of the Plaintiff.  Without legal justification or excuse, Defendant Mallicote deliberately and willfully injured Plaintiff, as alleged above, and his conduct fell well below the acceptable standard of care and treatment rendered by a reasonable police officer operating under the same or similar circumstances.

66.     Defendant Prince George's County, Maryland, owed Plaintiff a legal duty as the entity responsible for the training and supervision of the Prince George's County Police Department and its members.  This duty included, but was not limited to, a duty to protect Plaintiff from injury and harm, to monitor members of the police department for misconduct, and to properly train its members to not engage in misconduct or violate Plaintiffs local, state, or federal rights.

67.     Defendant Prince George's County, Maryland, breached its duty of case and was grossly negligent by failing to properly supervise and train members of the Prince George's County Police Department to refrain from the conduct and actions as alleged herein.

68.     As a direct and proximate result of Detective Mallicote's actions and Defendant Prince George's County, Maryland's failures, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

**COUNT VIII: Abuse of Process**
**(Defendant Detective Timothy Mallicote)**

69.     Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

70.     Defendant Mallicote, within the scope his employment, acted intentionally, in concert, and in confederation by agreement and understanding to abuse the criminal process in the State of Maryland as alleged above.

71.     Defendant Mallicote, instituted and continued criminal proceedings against the Plaintiff for an illegal and improper purpose, to satisfy an ulterior motive, and willfully used process after it had issued in a manner not contemplated by law.

72.     As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

**COUNT IX: Violation of Maryland Declaration of Rights**
**(Defendant Detective Timothy Mallicote)**

73.     Plaintiff adopts and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully restated herein.

74.     Each of the wrongful acts alleged above were committed by Defendant Mallicote, while acting under the color and pretense of the law, in his capacity as a Prince George's County police officer.

75.     The actions of Defendant Mallicote, as alleged above, constituted violations of Plaintiff's rights under the Maryland Declaration of Rights to include, without limitation, Articles 24 and 26 and Article III, Section 40 of the Maryland Constitution.

76.     The actions of Defendant Mallicote, as alleged above, constituted intentional misconduct and abuse of the power invested in him as Prince George's County police officer.

16

77.     The actions of Defendant Mallicote, as alleged above, were motivated by malice, and were recklessly indifferent to the Plaintiff's physical and emotional wellbeing.

78.     The actions of Defendant Mallicote, as alleged above were without legal justification, and resulted in a loss and/or deprivation of rights enjoyed by Plaintiff under the Maryland Constitution and Maryland Declaration of Rights.

79.     As a direct and proximate result of Defendant Mallicote's actions, Plaintiff has suffered and continues to suffer severe and lasting damages as alleged above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Damaris Leanor Retes, respectfully demands this Honorable Court enter judgement against Defendant Detective Timothy Mallicote and Defendant Prince George's County, Maryland, as follows:

A.     Compensatory and Punitive damages against Defendant Detective Timothy Mallicote in an amount in excess of $2,000,000.00;

B.     Compensatory damages against Defendant Prince George's County, Maryland in an amount in excess of $2,000,000.00;

C.     An award of attorney's fees and costs pursuant to 42 U.S.C. 1988 and such other relief as may be appropriate.

17

Respectfully Submitted:

**HENDERSON LAW, LLC**


_____/s/WPH_____

Wes P. Henderson, Esq.
2140 Priest Bridge Court, Suite 6
Crofton, Maryland 21114
T:      (410) 721-1979
F:      (410) 721-2258
wph@hendersonlawllc.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this matter.


_____/s/WPH_____

Wes P. Henderson

18