# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

DAMARIS LEANOR RETES,

    Plaintiff,

v.

PRINCE GEORGE'S COUNTY,
MARYLAND and
DET. TIMOTHY MALLICOTE,

    Defendants.

Civil Action No. TDC-16-2784

## MEMORANDUM ORDER

Plaintiff Damaris Leanor Retes filed suit against Defendants Detective Timothy Mallicote ("Det. Mallicote") and Prince George's County, Maryland ("the County") asserting, in relevant part, a claim against Det. Mallicote for excessive force pursuant to 42 U.S.C. § 1983 ("§ 1983") based on his alleged sexual assault of Retes immediately before he arrested her for prostitution, and a § 1983 claim against the County pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), alleging that the County had an unconstitutional policy, custom, or practice of deliberate indifference to sexual assaults during or in relation to prostitution arrests. The parties are engaged in discovery. Defendants have filed a Motion for Bifurcation of Trial, arguing that discovery and trial on the claims against the County should be bifurcated from discovery and trial on the claims against Det. Mallicote. Retes opposes the Motion. Having reviewed the parties' submissions, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED WITHOUT PREJUDICE to renewal after the close of discovery.

A court may order separate trials of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Only one of these criteria must be met to justify bifurcation. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). Once a criterion is satisfied, the court "must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party." *Id.* However, "separation of issues for trial is not to be routinely ordered," Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment; rather, "[e]ach case must be considered in light of its particular facts and circumstances." *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991). The decision on bifurcation is committed to the trial court's sound discretion. *Houseman*, 171 F.3d at 1121.

Here, Defendants request that the Court hold a trial on Det. Mallicote's liability first, then hold a separate trial on the County's liability in the event that Det. Mallicote is found liable. Defendants argue that separate trials are warranted because it would be "confusing" and unduly prejudicial to Det. Mallicote for the jury to consider in the same trial both evidence relating to Det. Mallicote's actions and evidence offered against the County of "prior actions of or complaints against other police officers." Mot. Bifurcation at 2-3. Defendants assert that such bifurcation would also preserve resources because a jury verdict in Det. Mallicote's favor would obviate the need for a trial on the County's liability.

At this time, the Court finds these arguments unpersuasive. Discovery on the claims against Det. Mallicote has not yet been completed, and discovery on the claim against the County has not yet begun. With the universe of relevant evidence yet to be established, there is not yet a basis to conclude that evidence against the County would unduly prejudice Det. Mallicote or confuse the jury in a manner that could not be remedied by relevant jury

2

instructions. *See generally Conn. v. Johnson*, 460 U.S. 73, 85 n.14 (1983) (noting that courts "must assume that juries for the most part understand and faithfully follow instructions"). If the serious allegations against Det. Mallicote are substantiated by the evidence, it arguably could benefit him to have his alleged misconduct placed in the context of a larger, systemic problem.

As for conservation of resources, a § 1983 claim of an unconstitutional municipal custom or policy, at least in the context of inadequate training, generally may succeed only if there is a finding of a constitutional violation by an individual defendant. *See Temkin v. Frederick Cty. Comm'rs.*, 945 F.2d 716, 724 (4th Cir. 1991) (concluding that "[a] claim of inadequate training under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised"). *But see Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) (holding that the district court did not err by denying a municipality's motion for judgment as a matter of law after the individual defendant had been exonerated because, in some instances, § 1983 liability may still attach where a constitutional deprivation was "a consequence of [municipal] policy," regardless of the liability of an individual defendant); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (noting that a city could be held liable under § 1983 for failure to train police officers even though no individual defendants were sued). However, bifurcation would not necessarily be more efficient, because if Retes were to prevail at a trial against Det. Mallicote only, it is likely that the witnesses and evidence presented in that first trial would be relevant to the claim against the County and would be properly presented a second time in the trial against the County. Because the allegations against Det. Mallicote are serious, the weight of the evidence against him has yet to be discerned, and discovery against the County has yet to commence, it is premature for this Court to determine whether bifurcation would advance or undermine judicial economy.

Finally, the Court notes that bifurcation presents a risk of unfair prejudice to Retes because it imposes a significant barrier to her ability to pursue a claim against the County to vindicate systemic concerns by increasing the resources required to do so. Without a fuller understanding of the record through discovery on all issues, the Court cannot properly weigh this and other considerations to determine whether bifurcation is warranted under the particular facts and circumstances of this case.

Accordingly, it is hereby ORDERED that the Motion for Bifurcation of Trial, ECF No. 21, is DENIED WITHOUT PREJUDICE. Pursuant to the Court's June 23, 2017 Order, the Parties must submit to the Court within 14 days of the date of this Order a joint status report proposing a schedule for the completion of any remaining discovery.

Date:  December 13, 2017

THEODORE D. CHUANG
United States District Judge